IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUY M. VINES,              )
        Plaintiff,          )
                            )
                            )
    v.                      ) Civil Action No. 12-0028
                            )
COVELLI ENTERPRISES T/D/B/A,)
PANERA BREAD,               )
        Defendant.          )

MEMORANDUM OPINION

Gary L. Lancaster,
Chief Judge.                                November 30, 2012

This is a class-action employment discrimination case. Plaintiff Guy M. Vines was formerly employed in one of the several Panera Bread restaurants franchised by defendant Covelli Enterprises. Vines alleges that he and other African-American employees who worked for defendant between January 2008 and January 2012 were denied promotion because of their race and were forced to work in a racially segregated environment in violation of 42 USC § 1981. The court has already entered an order granting the parties' Joint Motion for Preliminary Approval of Class Action Settlement. [Doc. No. 25]. Our reasons for that action are explained below.

## I. FACTUAL BACKGROUND

From November 2009 to August 2011, Guy M. Vines was employed on the sandwich line at a Panera Bread restaurant owned and operated by Covelli Enterprises. For the entire duration of his employment, Vines alleges that Covelli maintained an unwritten practice of prohibiting those employees who were "fat, black, and/or ugly" from working in the view of customers and being promoted to management-level positions. For example, although Vines's manager described him as a dedicated and diligent employee, the manager informed Vines that he was ineligible for promotion to management because he is African-American. The manager also told Vines that he was prohibited from assigning Vines to the more desirable position of staffing the restaurant's cash register because "customers would not want to see an African- American working in the front of the store." Vines's manager also revealed that he feared losing his job if he were to disobey this rule. Not wanting to remain in this environment, Vines claims he was constructively discharged in August 2011.

In his class action complaint, Vines alleges that this practice was implemented across Covelli's restaurants in western Pennsylvania and eastern Ohio between 2008 and 2012. Covelli entirely denies these allegations.

2

After the action was filed, the parties engaged in mediation on April 13, 2012 with the Honorable Donald E. Zeigler, a retired member of this court. The parties were successful in reaching a preliminary settlement and a formal Settlement Agreement between them followed on July 20, 2012. [Doc. No. 20, Ex. 1].

To resolve the lawsuit, the parties agreed to certification of the following class of persons:

> All current or former African-American persons who (i) worked as non-management employees of Defendant during the period from January 11, 2008 to January 11, 2012; (ii) worked for Covelli at least 12 months during the period from January 11, 2008 to January 11, 2012; and (iii) who sought a promotion or desired to be promoted to a management position, but were denied promotion.

[Id., § 1.25].

Although the complaint originally stated claims on behalf of African-American employees who were both consigned to work in the back of the restaurants and denied promotion because of their race, the settlement class is limited to the latter group of people. The court will therefore confine its discussion to defendant's alleged failure to promote.

Covelli denies the claims and allegations of racial discrimination asserted in the litigation, and maintains that it is an equal opportunity employer that does not discriminate in its employment decisions. Solely for the purpose of settlement,

3

Covelli has agreed to pay $0.70 per hour for each hour a class member worked in excess of the member's one-year anniversary date of employment through the date of the final court-approved settlement. Covelli will also pay class counsel's attorneys' fees and litigation costs and will make an enhancement payment to the lead plaintiff.

## II. STANDARD OF REVIEW

Before it may approve a class action settlement agreement, "a district court first must determine that that the requirements for class certification under Rule 23(a) and (b) are met." Sullivan v. DB Investments, Inc., 667 F.3d 273, 296 (3d Cir. 2011). Under Federal Rule of Civil Procedure 23(a), a class may only be certified if the following factors are present: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

If it finds that each of Rule 23(a)'s "prerequisites are satisfied, a district court must then determine that the proposed class fits within one of the categories of class actions enumerated in Rule 23(b)." Sullivan, 667 F.3d at 296.

4

Plaintiff seeks certification under Rule 23(b)(3), under which certification is proper where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). When a class is certified in conjunction with settlement, the district court may take the terms of the proposed settlement agreement into account in examining the question of certification. In re Pet Food Prods. Liab. Litig., 629 F.3d 333, 341 (3d Cir. 2010)(internal citations omitted).

Prior to its final approval of the settlement agreement, the district court must first approve the settlement preliminarily. Preliminary approval allows class counsel to notify class members who have not yet participated in the litigation that their rights will be affected if the settlement subsequently receives final approval. See FED. R. CIV. P. 23(c)(2). In approving the settlement agreement preliminarily, the court must "independently and objectively analyze the evidence and circumstances before it" to determine whether the proposed settlement is "fair, reasonable, and adequate," especially as regards absent class members. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995). Because absent class members will be

5

notified of the settlement only after it is preliminarily approved, at this juncture the court need only satisfy itself that the settlement as negotiated is entitled to a presumption of fairness. Id.

III.   DISCUSSION

The class action lawsuit has long been recognized as an expedient vehicle for litigating claims of employment discrimination. 8 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 24:81 (4th ed. 2002). Where, as here, the factual circumstances between the class members are largely similar and the relief sought does not necessitate substantial and individualized assessments of damages, the dispute is suitable for class certification. See Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2560 (2011). The purpose of Rule 23 is "to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests." In re Cmty. Bank of N. Va., 418 F.3d 277, 302 (3d Cir 2005) (quoting In re Gen. Motors Corp., 55 F.3d at 799). "A responsible and fair settlement serves the interests of both plaintiffs and defendants and furthers the aims of the class action device. Plaintiffs receive redress of their claimed injuries without the

burden of litigating individually. Defendants receive finality." Sullivan, 667 F.3d at 339 (Scirica, J., concurring).

### A. Rule 23(a)

In order for a class to be certifiable under Rule 23(a), it must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. If the court finds that the proposed class satisfies the four requirements of Rule 23(a), the court must then determine whether the class fits within one of the categories set forth in Rule 23(b). Id. Here, the parties seek certification pursuant to Rule 23(b)(3), which requires the court to examine whether common questions of law or fact predominate and whether "the class action mechanism is the superior method for adjudicating the case." Id.

#### 1. Numerosity

Rule 23(a)(1) requires that the class must be so numerous that joinder of all members is impracticable. The parties assert that there are at least 90 current employees of defendant who are members of the class, and that publication of the class notice will bring forth additional class members who are no longer in defendant's employ. Altogether, they contemplate a total class of approximately 200 to 300 persons. These estimates are sufficiently numerous to maintain the suit as a

class action. Stewart v. Abraham, 275 F.3d 220, 226-227 (3d Cir. 2001) (if the potential number of class members exceeds 40, the first prong of Rule 23(a) is met).

### 2. Commonality and Typicality

To satisfy Rules 23(a)(2) and 23(a)(3), there must be questions of law or fact that are common to the class and the claims or defenses of the representative parties must be typical of the claims or defenses of the class. FED. R. CIV. P. 23(a)(2)-(3). These concepts tend to merge and may be evaluated simultaneously. In re Cmty. Bank, 418 F.3d at 303. Taken together, these elements require "the plaintiff to demonstrate that the class members have suffered the same injury." Dukes, 131 S.Ct. at 2551. This means that plaintiffs' "claims must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

In claims of employment discrimination arising under Title VII, "proof that an employer operated under a general policy of discrimination" could justify the certification of a class "if the discrimination manifested itself . . . in the same general fashion, such as through entirely subjective decisionmaking

8

processes." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 (1982)); c.f. Dukes, 131 S.Ct. at 2553 (commonality not satisfied where the only proffered evidence of discrimination was the existence of a "general corporate culture" that was "vulnerable" to "gender bias," and where the only corporate policy at issue was one that gave defendant's local supervisors discretion over employment matters).

Here, the class members allege that they were flatly ineligible for promotion because of their race and regardless of their job performance. They allege that this prohibition, although not written down anywhere, was the rule at all of defendant's restaurants, and that defendant's managers disobeyed it at their peril. This question of law and fact applies evenly across the class and is sufficient to ensure that "the action can be practically maintained and that the interests of the absentees will be fairly and adequately represented." Stewart, 275 F.3d at 227. Thus, commonality and typicality are met.

### 3. Adequacy

Rule 23(a)(4) requires that the named plaintiff fairly and adequately protect the interests of the class. "The adequacy inquiry 'serves to uncover conflicts of interest between named parties and the class they seek to represent.'" Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006) (quoting Amchem

9

Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997)). It "assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." Id. Adequacy, therefore, encompasses two distinct inquiries designed to protect the interests of absent class members: first, "whether the named plaintiffs' interests are sufficiently aligned with the absentees'" and second, "it tests the qualifications of the counsel to represent the class." In re Cmty. Bank, 418 F.3d at 303 (quoting In re Gen. Motors Corp., 55 F.3d at 800); Allen v. Holiday Universal, 249 F.R.D. 166, 180 (E.D. Pa. 2008).

There is no discernible conflict of interest in the record or otherwise between Vines and the other class members, and given the factual and legal similarities between the claims, Vines is an adequate class representative. Vines's counsel are experienced employee advocates who have litigated a wide variety of labor and employment matters in the federal courts and are intimately familiar with the legal and factual issues involved. The adequacy requirement of Rule 23(a)(4) is thus satisfied.

B. Rule 23(b)(3)

Class certification pursuant to a Rule 23(b)(3) action for damages requires the court to determine whether common questions

of law or fact predominate and whether "the class action mechanism is the superior method for adjudicating the case." In re Cmty. Bank, 418 F.3d at 302.

### 1. Predominance

"The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." Id. at 308-09. Our court of appeals has instructed that "the focus of the predominance inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." Sullivan, 667 F.3d at 278. Moreover, the district court is not required to inquire "into the existence or validity of each class member's claim" at the class certification stage. Id. at 299.

Again, the factual predicate of each class member's claim is identical: Covelli maintained an unwritten practice of not promoting employees of African-American descent regardless of their job performance. The entire class alleges that their race was the only factor that determined whether they were eligible for promotion. The court finds that common questions of law or fact "predominate over any questions involving individual class members." FED. R. CIV. P. 23(b)(3).

## 2. Superiority

The superiority prong requires the court to "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative methods of adjudication." In re Cmty. Bank, 418 F.3d at 309 (citations and internal quotations omitted). The matters pertinent to this inquiry are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties of likely to be encountered in the management of a class action." FED. R. CIV. P. 23(b)(3).

As discussed previously, employment discrimination claims have a long history of being adjudicated as class actions. Here, all class members have the same grievance against defendant, namely that its unwritten policy prevented them from ever attaining a management position. Therefore, no class member can be said to have an interest in individually controlling the prosecution or defense of a separate action because of some circumstance unique to the others. To date, this is the only litigation that Covelli is defending related to its allegedly discriminatory employment practices in western

12

Pennsylvania and eastern Ohio, which are home to most of its restaurants and employee base. This forum is, therefore, desirable for both parties and is unlikely to encounter difficulties in managing the litigation. The court finds that a class action is the superior method of adjudication for this lawsuit.

C. Preliminary Approval of the Proposed Settlement

Rule 23(e) provides that a class action may settle, be voluntarily dismissed, or compromise "only with the court's approval." Final (as opposed to preliminary) approval of a settlement requires the court to hold a hearing and, acting as a "fiduciary, guarding the claims and rights of the absent class members," find that the settlement is "fair, reasonable, and adequate." Pet Food, 629 F.3d at 349; FED. R. CIV. P. 23(e)(2). The court of appeals has interpreted this rule to require us to "independently and objectively analyze the evidence and circumstances . . . to determine whether the settlement is in the best interest of those whose claims will be extinguished." In re Cendant Corp. Litig., 264 F.3d 201, 231 (3d Cir. 2001)(internal quotations omitted).

However, at this stage of the litigation, the court must only "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must

13

direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.632 (2011). Accordingly, the question is not whether the settlement merits final approval as discussed above, but whether it "discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 472 (E.D. Pa. Oct. 24, 2007) (citations omitted). The court must not reach ultimate conclusions on law and fact at this stage of the litigation, although it is still required to exercise an independent and objective review of the settlement as the parties have initially proposed it.

In addition to the fairness, adequacy, and reasonableness of the proposed settlement, the court should also be wary of several classic warning signs that are endemic to class action settlements, such as: (1) whether there is evidence of collusion between counsel or class counsel and the representative class member; (2) whether counsel is receiving a disproportionate distribution settlement when the class receives no monetary distribution but class counsel are amply rewarded; (3) whether the parties have negotiated an agreement enabling a defendant to

14

pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class; and (4) whether the parties have arranged for fees not awarded to revert to defendant rather than be added to the class fund. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). Because no class has been previously certified in this litigation, the court must exercise heightened care to ensure that the interests of absent class members are adequately represented. Pet Food, 629 F.3d at 349.

### 1. The Settlement Process

Both parties submit that the proposed settlement meets the requirements for preliminary approval. The court notes that the settlement in this case was the product of an arms-length negotiation, conducted in good faith in front of an experienced and respected mediator who is a former member of this court. Although Covelli denies any wrongdoing or legal liability arising from its employment of the class members, it recognizes that the settlement will spare it the expense, burden, and inconvenience of a protracted lawsuit and the uncertain outcome of the trial and appellate process. Similarly, Vines and his counsel have balanced the risks and delays of litigation against the benefit of immediate relief and reached the same conclusion.

In negotiating their proposed settlement agreement, both parties relied on informal discovery to inform their calculations.

### 2. The Substance of the Settlement

The parties have agreed that Covelli will pay each class member $0.70 per hour for each hour actually worked in excess of the member's one-year anniversary of employment. For current employees, the payment period is the member's one-year anniversary date through the date of the court's final approval of the settlement; for former employees, the payment period is the member's one-year anniversary date through the date of the member's separation from Covelli. The figure of $0.70 per hour represents the difference in pay between management and non-management personnel; the one-year of employment requirement represents the amount of time that Covelli requires all employees to work before they are eligible for promotion. Covelli has agreed to pay class counsel's fees and costs and will also make a $10,000 enhancement payment to Vines, the class representative, for pursuing the lawsuit on the class's behalf. Neither of these payments will be deducted from settlement funds.

There is nothing about the mediation process or the substance of the arrangement that leads the court to suspect any collusion between the parties or counsel for excessive fees or

monetary benefits at the expense of absent class members. When the court asked class counsel at the preliminary approval hearing whether he was aware of any conflicts between the named plaintiff and absent class members, he responded that he was not. The class members are receiving a cash payment in the amount of the additional wages they would have received had they been promoted to the management position they desired. Accordingly, the court finds that the proposed settlement is presumptively fair, within the range of reasonableness, and is not obviously deficient in any way. It therefore merits preliminary approval.

### D. The Proposed Notice

Rule 23(e)(1) provides that the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2) requires that, where a class is certified pursuant to Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). The notice must state "clearly and concisely" the nature of the action, the class definition, the claims, issues, and defenses, their right to appear through counsel, their right

to opt-out and the process to do so, and the binding effect of a judgment. Id.

The parties propose a combination of direct mail and publication notice to inform the class members of the certification of the class and the preliminary approval of the proposed settlement. Current Covelli employees will receive either direct mail notice or a letter attached to their bi-weekly paystub. However, reaching former Covelli employees by direct mail presents several logistical difficulties. At the preliminary approval hearing, Covelli testified that it may no longer have payroll records for employees whose tenures ended earlier in the class period, and even though it may have current names and addresses of those former employees, it does not have their demographic information. The parties submit that under these circumstances, publication notice is the most effective and appropriate means to apprise former Covelli employees of their rights under the settlement. The court agrees.

Under the proposed settlement agreement, class counsel will publish the settlement notice in the Pittsburgh Post-Gazette, Cleveland Plain Dealer, Columbus Dispatch, West Palm-Palm Beach Post, and Charleston Gazette for ten consecutive days. At the court's suggestion, class counsel will also publish the notice in the New Pittsburgh Courier. These are the newspapers of general circulation in the markets where Covelli operated Panera

Bread restaurants during the class period. The notice will direct potential class members to contact the settlement administrator to obtain a Notice by Mail and Claims Form and Release to enable them to file a claim. The court has reviewed the parties' submissions and finds that the proposed direct mail and publication notice substantially comply with Rule 23(c)(2) and Rule 23(e), and furthermore notes that both forms are heavily based on the Federal Judicial Center's "Illustrative Forms of Class Action Notices" for employment discrimination lawsuits.[1] The court finds that this is the best notice practicable under the circumstances.

### E. Appointment of Class Counsel

Pursuant to Rule 23(g)(1), "a court that certifies a class must appoint class counsel." In appointing counsel, the court must consider: (1) the work counsel has done in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigations, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).

The court finds that Samuel J. Cordes of Samuel J. Cordes & Associates is qualified to "fairly and adequately represent the

---

[1] Available at Federal Judicial Center, The Federal Judicial Center's "Illustrative" Forms of Class Action Notices, www.fjc.gov/public/home.nsf/pages/376 (last visited Sept. 6, 2012).

interests of the class" as required by Rule 23(g)(1). The court takes judicial notice of Mr. Cordes's representative cases and extensive experience in complex litigation, and is satisfied that his firm is well-qualified to handle the administration of an employment discrimination class action under Rule 23. Accordingly, the court will appoint Samuel J. Cordes as class counsel.

IV. CONCLUSION

For the reasons set forth above, the Joint Motion for Preliminary Approval of Class Action Settlement was granted.

BY THE COURT,

_____, C.J.